IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB -6  A 11: 02

| | |
|---|---|
| DEMECCO CHUNDREL WILLIAMS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.:CV206-300 |
| WAYNE BENNETT, Sheriff; RON CORBETT; Col. NEWSOME; Capt. AUSTIN; Lt. PROUDFOOT; Officer GARDNER; Officer BAKER; SHAMEKA TOLLER; Officer JONES; M/Sgt. JURAN; Officer MORAN; M/Sgt. PACHECO; Officer GORDON; Cpl. HAZBROCK; Officer QUICK; Officer DAVIES; Officer BONDS; Officer BREWER; Officer EASON; Officer SEALS; Officer HEANSLY; Officer HALL; Sgt. WINN; Officer PATTEN; Officer METZLER; Officer SINGLETON; Sgt. DONNER; Sgt. NEAVES; Staff Member RIGGS; Staff Member ATKINSON; Inmate WILLIAM MUSIC; Sgt. MILES; Cpl. LAWSON; Cp;. MARCUS; Officer GRIFFIN, and M/Sgt. Jones, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Glynn County Detention Center in Brunswick, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the

AO 72A
(Rev. 8/82)

longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that in January of 2006, he was issued a disciplinary report and found guilty of assaulting a staff member at the Glynn County Detention Center. Plaintiff asserts that he spent thirty-five (35) days in isolation as punishment for this offense.

AO 72A
(Rev. 8/82)

Plaintiff vaguely contends that this matter was not investigated properly. Plaintiff further asserts that in November of 2006, he was issued a disciplinary report for fighting with another inmate. Plaintiff contends that the reporting officer misrepresented the facts in his report and that after a hearing, he was found guilty of the offense and sentenced to fourteen (14) days isolation. Plaintiff alleges that the "verdict was racially based." Plaintiff contends after his stay in isolation, he discovered his tennis shoes on the feet of another inmate. Plaintiff asserts that he has spent a total of forty-five (45) days in isolation "because of some type of vendetta against me that I'm sure is racially motivated."

At the outset, it is noted that Plaintiff names thirty-six individuals as defendants, but fails to make specific factual allegations against most of them. It appears that Plaintiff seeks to hold many of these individuals liable based solely on their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Thus, many of Plaintiff's allegations are presumed to be improperly based only on a theory of respondeat superior. It is also noted that Plaintiff's claims appear largely unrelated. A plaintiff may not join unrelated claims against various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or

3

AO 72A
(Rev. 8/82)

Case 2:06-cv-00300-AAA-JEG   Document 6   Filed 02/06/07   Page 4 of 5

occurrence if there is a 'logical relationship' between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp. 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Plaintiff has failed to show a "logical relationship" between his separate allegations of harm against the numerous Defendants.

Furthermore, Plaintiff has failed to state any claim for relief relating to his placement in isolation. In order to establish an entitlement to due process procedural protections, a plaintiff must first establish the deprivation of a liberty or property interest. Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 868, 74 L. Ed. 2d 675 (1983); Meachum v. Fano, 427 U.S. 215, 223, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). The Supreme Court redefined the methodology for determining whether a liberty interest is implicated when an inmate is subjected to more restrictive forms of confinement in Sandin v. Conner, 515 U.S. 472, 480-84, 115 S. Ct. 2293, 2298-30, 132 L. Ed. 2d 418 (1995). The court must now examine the *nature* of the liberty interest at stake, and only those deprivations of liberty that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or that could inevitably affect the duration of the inmate's sentence warrant additional procedural protection. Id. at 487, 115 S. Ct. at 2302.

Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. at 485, 115 S. Ct. at 2301 (citations, quotation marks, and alteration omitted). In Sandin, the Court held that serving thirty days in disciplinary segregation with conditions that mirrored those for prisoners in administrative segregation and protective custody was not atypical and significant. Id. at 486, 115 S. Ct. at 2301. Furthermore, the Eleventh Circuit has held that

4

two months confinement in administrative segregation pending resolution of a disciplinary report does not constitute an 'atypical and significant hardship' as required by Sandin. Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998). Plaintiff has not demonstrated any 'atypical and significant hardship' in relation to the ordinary incidents of life at the Glynn County Detention Center.

Finally, while Plaintiff vaguely asserts that his treatment has been racially motivated, bald assertions of racial discrimination cannot support a § 1983 claim. A plaintiff must do more than make conclusory allegations that he has been disciplined on the basis of his race alone. Plaintiff has failed to present any facts, beyond his own suspicions that the jail officials' actions were racially motivated, to support his claim of racial discrimination.

Even construing Plaintiff's allegations liberally, he has set forth no set of facts against the Defendants that could arguably entitle him to his requested relief. Plaintiff's allegations against Defendants are frivolous and fail to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, as he has failed to state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C.A. § 1915A.

So **REPORTED** and **RECOMMENDED**, this _6th_ day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)